875 P.2d 934

**Chauncey E. BUFFINGTON,
Claimant–Appellant,**

v.

**POTLATCH CORPORATION, Employer,
and Workers Compensation Exchange,
Surety, Defendants–Respondents.**

No. 20367.

Supreme Court of Idaho,
Boise, February 1994 Term.

June 17, 1994.

Vrable & Jackson, Hayden, for appellant. Michael J. Vrable argued.

Clements, Brown & McNichols, Lewiston, for respondents. Dean Wullenwaber argued.

McDEVITT, Chief Justice

## I

## BACKGROUND AND PRIOR PROCEEDINGS

Chauncey Buffington began to work at Potlatch Corporation's Rutledge plant in June of 1959. The noise levels at the plant to which he was initially exposed were minimal. In 1970 or 1971, Buffington switched jobs and started to grade and sort lumber, which required him to stand within thirty feet of five machines called "planers." Because these planers emitted a high level of noise, Buffington wore ear plugs.

One day in 1972, Buffington noticed hearing loss, tinnitus, and pain in his ears. He allegedly continued to experience the tinnitus and hearing loss although the pain subsided within a week. Buffington stated that he consulted with Dr. Dean Smart in 1972. Dr. Smart apparently did not inform Buffington that his hearing loss was work-related, although this cannot be verified since Dr. Smart's medical records relating to Buffington subsequently were destroyed. In 1975, an audiologist diagnosed Buffington as suffering from severe bilateral hearing loss, for which the only remedy is a hearing aid.

Buffington filed a notice of injury with Potlatch Corporation for workers' compensation benefits on November 15, 1990. Buffington consulted with Dr. Ronald Stout on March 1, 1991, who diagnosed sensory neural hearing loss. At Potlatch's request, Buffington consulted with Dr. Thomas Miller on July 25, 1991. Both physicians are ear, nose and throat specialists.

Buffington's hearing before a referee of the Industrial Commission was held in late July, 1991. On November 13, 1992, the referee recommended that the Commission deny Buffington's claim for compensation for the ear problems which allegedly arose in 1972. The referee found that Buffington knew in 1972 that he should file a notice of injury and claim for benefits, but the referee did not analyze or conclude whether Buffington's untimely notice to Potlatch barred his claim. After examining the testimony and medical records of Drs. Stout and Miller, the referee concluded that Buffington failed to establish that Buffington's injuries were caused, more likely than not, by his employment with Potlatch. Finally, the referee concluded that even if Buffington suffered from an occupational disease, he was never actually and totally incapacitated thereby.

The Industrial Commission adopted the referee's findings, conclusions, and proposed order on November 25, 1992. Buffington appeals and raises the following issues: (1) Whether the Industrial Commission's findings of fact and conclusions of law were supported by substantial competent evidence; (2) Whether the Industrial Commission committed errors of law; and (3) Whether Buffington was denied due process of law. Potlatch raises the additional issue of whether Buffington's claim is barred for failure to timely give notice of his injury and to timely file a claim. Because we affirm the Commission's findings and conclusions, we do not address whether Buffington's claim is barred for untimeliness.

## II

## ANALYSIS

Buffington alleges that his hearing loss and tinnitus, first suffered in 1972, should be compensated either as an occupational disease causing total incapacity, see *Miller v. Amalgamated Sugar Co.*, 105 Idaho 725, 728, 672 P.2d 1055, 1058 (1983), or as an industrial injury resulting from cumulative trauma reasonably discernable in time and place. *See Wynn v. J.R. Simplot Co.*, 105 Idaho 102, 104, 666 P.2d 629, 631 (1983).

Whether the employee's injury arose out of and in the course of employment is a question of fact to be decided by the Industrial Commission. *Roberts v. Kit Manufacturing Co., Inc.*, 124 Idaho 946, 947, 866 P.2d 969, 970 (1993) (citing *Neufeld v. Browning Ferris Indus.*, 109 Idaho 899, 902,

712 P.2d 600, 603 (1985)). This Court will uphold the Commission's findings of fact when substantial and competent evidence supports those findings. *Roberts,* 124 Idaho at 947, 866 P.2d at 970 (1993).

 The Commission found that Buffington's hearing loss and associated symptoms occurred in one day. Since Buffington testified at least twice during his hearing before the referee that he was beset in one day by his ear condition, this finding on the part of the Commission was supported by substantial and competent evidence.

 The Commission then examined the totality of the testimony and medical records of Drs. Stout and Miller and found that Buffington had failed to carry his burden of proving that his injury or occupational disease arose during and out of the course of his employment with Potlatch. An employee suffering from an injury or occupational disease carries the burden of proof that, to a reasonable degree of medical probability, the injury resulted from a work-related accident or the occupational disease arose during the course of employment. *Roberts,* 124 Idaho at 947, 866 P.2d at 970. Contrary to Buffington's assertion, the Commission did not erroneously expect Dr. Stout to support Buffington's claim by uttering a verbal formula. The Commission correctly examined Dr. Stout's testimony and records to determine whether such evidence plainly and unequivocally conveyed his conviction that the exposure to the planers at the Rutledge plant probably caused Buffington's ear condition. *Id.*

We hold that Dr. Stout's testimony, which was wholly supported by the testimony of Dr. Miller, constitutes substantial and competent evidence that supports the Commission's findings. Dr. Stout testified that exposure to loud machinery "often leads to sensory neural hearing loss," but he did not state or suggest, even after being directly questioned as to his opinion about the cause of Buffington's ear problems, that Buffington's exposure to Potlatch's machinery led to Buffington's hearing loss. In fact, Dr. Stout testified that noise-induced hearing loss seldom, if ever, occurs in a period of one day; rather, noise-induced hearing loss usually occurs in a progressive manner. Dr. Stout also testified that the audiograms performed on Buffington between 1975 and 1991 were inconsistent with noise-induced hearing loss.

 Contrary to Buffington's contention, the Commission did not ascribe Buffington's hearing loss to hereditary factors. Although Dr. Miller believed that hereditary factors might be responsible for Buffington's ear condition, his testimony to this effect merely served as further substantial and competent evidence to support the Commission's finding that Buffington failed to carry his burden of proof. Buffington may disagree with Dr. Miller's medical opinion, but weighing the evidence and assessing the credibility of witnesses is committed to the expertise of the Commission. *Neufeld v. Browning Ferris Indus.,* 109 Idaho at 902, 712 P.2d at 603.

 Buffington next argues that his hearing loss could be considered an occupational disease and that the Commission erred when it found that Buffington was not totally and actually incapacitated thereby. We reject Buffington's claim of an occupational disease, albeit on different grounds than did the Commission. An employer must compensate an employee who incurred an occupational disease during his employment. I.C. § 72–438. Since Buffington did not prove, to a reasonable degree of medical probability, that his ear condition, whether a disease or injury related, arose out of and in the course of his employment with Potlatch, Potlatch is not liable for any compensation.

Since we uphold the Commission's determination that Buffington failed to carry his burden of proof as to the causation of his injury or occupational disease, we affirm its decision to disallow Buffington's claim for permanent physical impairment and disability.

 Lastly, Buffington alleges that he was denied due process of law because his hearing took place before one referee, the referees of the Industrial Commission lack defined qualifications, the referee unduly delayed his findings, conclusions, and proposed order, and the Commission summarily adopted the referee's recommendations.

Nothing in the record discloses that this issue was raised below. This Court generally will not consider constitutional issues that have been raised for the first time on appeal. *See, e.g., George W. Watkins Family v. Messenger,* 118 Idaho 537, 541, 797 P.2d 1385, 1389 (1990).

## CONCLUSION

Because the findings and the conclusions of the Industrial Commission were supported by substantial and competent evidence, the Commission made no errors of law, and Buffington was not denied due process of law, the decision of the Commission is affirmed. Costs to Potlatch.

JOHNSON, TROUT and SILAK, JJ., and WALTERS, J. Pro Tem., concur.