889 P.2d 717

Kerby M. VAN TINE and Linda Van Tine, husband and wife, Plaintiffs–Appellants,

v.

IDAHO STATE INSURANCE FUND, an Idaho Insurance Company, (which may be a political subdivision of the State of Idaho), Defendant–Respondent.

No. 20623.

Supreme Court of Idaho, Lewiston, October 1994 Term.

Dec. 9, 1994.

Aherin & Rice, Lewiston, for appellants. Darrel W. Aherin argued.

Clements, Brown & McNichols, Lewiston, for respondent. Michael E. McNichols argued.

JOHNSON, Justice.

This is an insurance bad faith case against the State Insurance Fund (SIF) arising out of a workers' compensation claim. We conclude that the trial court lacked subject matter jurisdiction to decide whether SIF is liable to the claimant for alleged breach of the duty of good faith and fair dealing and for alleged breach of fiduciary duty. We also conclude that the trial court lacked subject matter jurisdiction to consider whether SIF has waived its subrogation right provided for under the workers' compensation law.

I.

THE BACKGROUND AND PRIOR PROCEEDINGS.

Kerby Van Tine (Van Tine) was seriously injured in an accident while working for the Idaho department of transportation (the department). Van Tine submitted a workers' compensation claim to SIF, the department's workers' compensation surety. After SIF refused to pay a portion of the benefits Van Tine requested, Van Tine filed a complaint with the Industrial Commission requesting additional benefits. Eventually, Van Tine and SIF entered into a lump sum agreement

settling Van Tine's claims for additional benefits.

In this case, Van Tine and his spouse (the Van Tines) have sued SIF, alleging that SIF violated its duty of good faith and fair dealing and its fiduciary duty by initially refusing to satisfy Van Tine's workers' compensation claims.

The Van Tines also sought a judgment that SIF had waived its subrogation right to the Van Tines' recovery against the third party who caused the accident in which Van Tine was injured. The Van Tines received $125,-000 from a settlement with this third party and the third party's employer (the third-party settlement). The Van Tines' attorney deposited the proceeds of the third-party settlement in a trust account.

Claiming it has a right to subrogation, SIF has sued the Van Tines' attorney to recover workers' compensation benefits paid to the Van Tines. SIF's suit against the Van Tines' attorney is pending in Second District Court in Nez Perce County.

In the case now before us, the trial court dismissed the Van Tines' breach of the duty of good faith and fair dealing and breach of fiduciary duty claims for lack of subject matter jurisdiction. The trial court dismissed the Van Tines' waiver of subrogation claim because of the pending action against the Van Tines' attorney.

The Van Tines appealed.

## II.

## THE TRIAL COURT DID NOT HAVE SUBJECT MATTER JURISDICTION OVER THE CLAIMS FOR BREACH OF GOOD FAITH AND FAIR DEALING, FOR BREACH OF FIDUCIARY DUTY, AND FOR WAIVER OF SUBROGATION.

The Van Tines assert that the trial court improperly dismissed their claims for breach of the duty of good faith and fair dealing and for breach of fiduciary duty based on a lack of subject matter jurisdiction. We disagree. We also conclude that the trial court did not have subject matter jurisdiction over the Van Tines' claim that SIF waived its subrogation right to proceeds of the third-party settlement.

■ The Commission has exclusive jurisdiction of "[a]ll questions arising under" the workers' compensation law. I.C. § 72–707 (1989). If the Commission has jurisdiction over an employer, the Commission also has jurisdiction over the employer's surety. *Smith v. O/P Transp., Inc.,* 120 Idaho 123, 127, 814 P.2d 23, 27 (1991).

Therefore, if the Van Tines' claims against SIF arise under the workers' compensation law, the trial court did not have subject matter jurisdiction over them. Our task is to examine the workers' compensation law to see whether there is any portion of that law under which these claims may be said to arise. *Id.*

I.C. § 72–804 provides that the Commission shall fix reasonable attorney fees that an employer shall pay to an employee, if the employer or the employer's surety: (1) contests a claim for compensation without reasonable ground; (2) within a reasonable time after receipt of a written claim for compensation neglects or refuses to pay the claimant; or (3) discontinues payment of compensation without reasonable grounds for doing so. I.C. § 72–804 (1989). In *Royce v. Southwest Pipe of Idaho,* 103 Idaho 290, 647 P.2d 746 (1982), *superseded by statute as stated in Archer v. Bonners Ferry Datsun,* 117 Idaho 166, 786 P.2d 557 (1990)), the Court upheld an award of attorney fees by the Commission against a surety pursuant to I.C. § 72–804 on the ground that the surety had contested a claim for compensation without reasonable ground. 103 Idaho at 295, 647 P.2d at 751.

■ To the extent that the Van Tines allege that SIF contested claims for compensation without reasonable ground, refused within a reasonable time to pay compensation, or without reasonable ground discontinued payment of compensation justly due and owing, their claims arise under I.C. § 72–804, and the trial court did not have jurisdiction over the claims. This includes all of the Van Tines' allegations in their claims for breach of the duty of good faith and fair dealing and for breach of fiduciary duty.

Most of the Van Tines allegations relate explicitly to the premises for an award of attorney fees pursuant to I.C. § 72–804:

1. SIF failed to make payment for medical treatment when SIF knew that Van Tine was entitled to payment.

2. SIF did not attempt in good faith to effectuate a prompt, fair, and equitable settlement of Van Tine's claim for medical expenses when SIF's liability had become reasonably clear.

3. SIF failed to provide a reasonable explanation of the basis it relied upon for the denial of Van Tine's claim for benefits.

4. . SIF terminated Van Tine's total temporary benefits improperly.

5. SIF required Van Tine to submit to medical exams for the purpose of disallowing benefits.

6. SIF has failed to pay all of Van Tine's medical expenses and temporary benefits, and this failure is a breach of SIF's fiduciary duty to Van Tine.

Other allegations of the Van Tines do not relate as explicitly to the premises for the award of attorney fees pursuant to I.C. § 72–804:

7. SIF used its position with the Commission to have a position of superiority over Van Tine and other workers.

8. SIF authorized a suit to be filed against the Van Tines' attorney in an attempt to disrupt the Van Tines' relationship with their attorney and apply pressure to the Van Tines.

9. SIF lobbies for changes that are beneficial to SIF and detrimental to Van Tine and other workers.

All of these allegations were made as part of the Van Tines' request for damages for SIF's breach of the duty of good faith and fair dealing. In *White v. Unigard Mut. Ins. Co.*, 112 Idaho 94, 730 P.2d 1014 (1986), the Court described the basis for a claim of this type:

[W]here an insurer "intentionally and unreasonably denies or delays payment" on a claim, and in the process harms the claimant in such a way not fully compensable at contract, the claimant can bring an action in tort to recover for the harm done.

*Id.* at 98, 730 P.2d at 1018 (footnote omitted) (quoting from *Rawlings v. Apodaca*, 151 Ariz. 149, 726 P.2d 565, 572 (1986)).

Based on this description in *White*, any claim the Van Tines have for breach of the duty of good faith and fair dealing must relate to SIF's intentional and unreasonable denial of or delay in paying workers' compensation benefits. To the extent that allegations 7, 8, and 9 above support a claim for breach of the duty of good faith and fair dealing, they must be considered to allege an intentional and unreasonable denial of or delay in paying benefits to Van Tine. Otherwise, they would not support a claim for breach of the duty of good faith and fair dealing. Considered in this fashion, these allegations relate implicitly to the premises for the award of attorney fees pursuant to I.C. § 72–804, and present questions arising under I.C. § 72–804.

Because the Van Tines' claims for breach of the duty of good faith and fair dealing and for breach of fiduciary duty present questions arising under I.C. § 72–804, the trial court does not have jurisdiction over these claims.

■ SIF's subrogation right to proceeds of the third-party settlement arises under I.C. § 72–223(3), which provides:

If compensation has been claimed and awarded, the employer having paid such compensation or having become liable therefor, shall be subrogated to the rights of the employee, to recover against such third party to the extent of the employer's compensation liability.

Whether SIF has lost this subrogation right for any reason affects SIF's subrogation rights under I.C. § 72–223(3), and is, therefore, a question within the exclusive jurisdiction of the Commission over which the trial court has no subject matter jurisdiction.

### III.

We affirm the trial court's dismissal of the Van Tines' claims.

We award costs on appeal to SIF.

McDEVITT, C.J., and SILAK, J., and Justices Pro Tem BURDICK and MICHAUD, concur.