908 P.2d 1240

**Johnny E. WALTERS and Renee E. Walters, husband and wife, Plaintiffs–Respondents,**

v.

**INDUSTRIAL INDEMNITY COMPANY OF IDAHO, an Idaho Insurance Company; Chris Toshcoff; Cindy Hendrickson; Kathleen Doty, and Quane, Smith, Howard & Hull; Alan K. Hull, Defendants–Appellants,**

**and**

**Peter Zografos, D.C.; John Does 1–10; and John Doe Corporations 11–20, Defendants–Respondents.**

No. 21573.

Supreme Court of Idaho, Lewiston, October 1995 Term.

Jan. 4, 1996.

Clements, Brown & McNichols, Lewiston, for appellants Industrial Indemnity Company of Idaho, Chris Toshcoff, Cindy Hendrickson, and Kathleen Doty. Michael E. McNichols argued.

Quane, Smith, Howard & Hull, Boise, for appellants Quane, Smith, Howard & Hull and Alan K. Hull. W. Scott Wigle argued.

Aherin, Rice & Anegon, Lewiston, for respondents. Darrel W. Aherin argued.

McDEVITT, Chief Justice.

This is a bad faith insurance case that arises from a worker's compensation claim. The primary issue presented in this appeal is whether the district court erred in denying the appellants' motion to dismiss the respondents' claims of breach of the duty of good faith and fair dealing, breach of fiduciary duty, intentional infliction of emotional distress, and common law fraud. We reverse the district court's denial of the appellants' motion to dismiss for lack of subject matter jurisdiction.

## I.

### FACTS AND PRIOR PROCEEDINGS

On April 1, 1988, Johnny E. Walters (Walters) suffered injuries to his back and neck in the course of his employment. Walters filed a notice of injury and claim for benefits with his employer's worker's compensation surety, Industrial Indemnity Company (Industrial Indemnity), after which Industrial Indemnity began paying medical and temporary disability income benefits to Walters. After initially receiving chiropractic treatments from Dr. George V. Gould in Coeur d' Alene, Idaho, Walters had surgery for a herniated disc that was discovered through an MRI. Dr. John Grollmus performed the discectomy. Walters subsequently resumed his chiropractic treatments from Dr. Gould, commuting from his home in Calder, Idaho to Coeur d'Alene, which was approximately 90 miles each way.

In October 1992, Industrial Indemnity informed Walters that Industrial Indemnity would not continue to pay for Walters's chiropractic treatments from Dr. Gould in Coeur d'Alene, based upon a medical panel's conclusion that Walters would be better served with a home exercise program of physical therapy. Walters filed a complaint before the Commission on November 20, 1992, claiming Walters was entitled to total,

permanent disability benefits, medical benefits, and permanent partial disability benefits, from Industrial Indemnity.

Subsequent to filing his complaint with the Commission, Walters inadvertently received Industrial Indemnity's file, which included medical records and letters regarding Walters's worker's compensation claim. The letters and medical records informed Walters that Industrial Indemnity, Industrial Indemnity's agents, and Alan Hull, had been active in trying to replace Walters's chiropractic treatments with a home exercise program and trying to avoid paying for other medical expenses, such as a hospital bed. Such activity included trying to convince Walters's treating physician to "buy into" a home exercise program by having an employee of Industrial Indemnity represent herself as Walters's rehabilitation nurse.

On March 30, 1993, Walters and his wife, Renee E. Walters, filed a complaint in district court (Complaint), naming the appellants in this case; Industrial Indemnity, Industrial Indemnity's agents (Chris Toshcoff, Cindy Hendrickson and Kathleen Doty), Industrial Indemnity's attorney (Alan Hull), Alan Hull's law firm (Quane, Smith, Howard & Hull), and Dr. Peter Zografos. The Complaint alleged that Industrial Indemnity breached its duty of fair dealing and good faith, intentionally inflicted emotional distress, breached its fiduciary duty, and engaged in common law fraud. The Complaint alleged that Quane Smith, Dr. Peter Zografos, Industrial Indemnity's agents, and Alan Hull breached their duty of fair dealing and intentionally inflicted emotional distress.

The appellants filed a motion to dismiss the Complaint on the grounds that the district court did not have subject matter jurisdiction, that the Complaint failed to state a claim upon which relief could be granted, and that there was another action pending between the same parties, concerning the same cause of action. I.R.C.P. 12(b)(1), (6), (8). On March 1, 1994, the district court ruled that the district court was the proper forum to adjudicate the Complaint. The district

court denied Industrial Indemnity's motion to dismiss pursuant to 12(b)(6), suspending all four counts, pending the resolution of Walters's worker's compensation claims presently before the Industrial Commission. The district court denied Quane Smith's 12(b)(6) motion to dismiss the Complaint's allegation of intentional infliction of emotional distress and suspended the cause of action, pending the resolution of the proceedings before the Industrial Commission. The district court declined to rule upon Toshcoff, Hendrickson, and Doty's motion to dismiss the Complaint's intentional infliction of emotional distress claim and suspended the motion pending resolution of Walters's claims before the Industrial Commission. The district court granted Quane Smith, Toshcoff, Hendrickson and Doty's motion to dismiss the Complaint's breach of fair dealing claim. The district court granted Dr. Peter Zografos's motion to dismiss the Complaint's claims of intentional infliction of emotional distress and breach of duty of fair dealing and good faith.

We granted Quane Smith, Industrial Indemnity, Toshcoff, Hendrickson, Doty, and Alan Hull's request for a permissive appeal pursuant to I.A.R. 12.

## II.

### STANDARD OF REVIEW

In *Downey Chiropractic Clinic v. Nampa Restaurant Corp.,* 127 Idaho 283, 900 P.2d 191 (1995), the Court declared it would exercise free review over a magistrate's denial of a motion to dismiss for lack of subject matter jurisdiction. *Id.* at 284, 900 P.2d at 192.

## III.

### THE DISTRICT COURT ERRED IN DENYING THE APPELLANTS' MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION.

The appellants argue that under *Van Tine v. Idaho State Ins. Fund,* 126 Idaho 688, 889 P.2d 717 (1994), the Complaint is within the exclusive jurisdiction of the Commission.

We agree. In *Van Tine* we considered whether a suit filed in district court by a worker's compensation claimant against his employer's surety, for breach of the duty of good faith and fair dealing and breach of fiduciary duty, was within the exclusive jurisdiction of the Commission. We held that the district court properly dismissed the Van Tine's complaint because the Van Tine's claims arose under the worker's compensation law. *Van Tine,* 126 Idaho at 690, 889 P.2d at 719.

*Van Tine* set forth the test for determining whether a district court has jurisdiction over a complaint filed by a worker's compensation claimant against an employer or an employer's surety; if there is any provision under the worker's compensation law under which the alleged claim could be said to arise, the Commission has exclusive jurisdiction. *Id.* at 689, 889 P.2d at 718. The *Van Tine* test was premised upon Idaho Code § 72–707, which vests the Commission with exclusive jurisdiction over "[a]ll questions arising under" the worker's compensation law, and the fact that the Commission has jurisdiction over an employer's surety, if the Commission has jurisdiction over that employer. *Id.* at 689, 889 P.2d at 718.

Idaho Code § 72–804 provides that if the Commission or a court determines that an employer has contested a claim for compensation without reasonable grounds, an employer shall be required to pay reasonable attorney fees. *Id.* at 689–90, 889 P.2d at 718–19. In *White v. Unigard Mut. Ins. Co.,* 112 Idaho 94, 730 P.2d 1014 (1986), we held that in order to have a cause of action for bad faith breach of an insurance contract, a claimant must allege the element of intentional and unreasonable denial of insurance benefits. *White,* 112 Idaho at 98, 730 P.2d at 1018. In *Van Tine* we observed that in order for a claimant to state a claim for breach of the duty of good faith and fair dealing against an employer's surety, the claimant must allege an intentional and unreasonable denial or delay in payment of worker's compensation benefits, pursuant to the elements set forth in *White. Van Tine,* 126 Idaho at 690, 889 P.2d at 719.

The first consideration for determining jurisdiction, requires an analysis of the type of conduct the claimant is alleging. *Id.* at

689, 889 P.2d at 718. In *Van Tine*, we stated, "[t]o the extent that the Van Tines allege that SIF *contested claims for compensation without reasonable ground* . . . their claims arise under I.C. § 72–804 . . . ." *Id.* at 689, 889 P.2d at 718 (emphasis added). If a claimant's allegations relate explicitly to a defendant's allegedly intentional and unreasonable denial of benefits to which the claimant was entitled, the claims relate implicitly to the premises for an award of attorney fees pursuant to Idaho Code § 72–804, and consequently present questions arising under Idaho Code § 72–804. *Id.* at 690, 889 P.2d at 719.

The *Van Tine* analysis is not limited to simply the title of a cause of action, but rather focuses on the type of conduct alleged by the claimant against an employer or an employer's surety. The Complaint alleged breach of the duty of good faith and fair dealing, intentional infliction of emotional distress, breach of fiduciary duty, and common law fraud. The Complaint specifically alleged that Industrial Indemnity "unreasonably and intentionally . . . withheld contract benefits due [Walters] and violated the covenant of good faith and fair dealing by its actions." The Complaint further alleged that:

1. The defendants entered into a conspiracy for the purpose of intentionally cutting off chiropractic treatments which the defendants knew Walters needed,

2. as part of that conspiracy, defendant Doty represented herself as Walters's rehabilitation nurse working for and on behalf of Walters, in order to convince Walters's doctor to "buy into" a home exercise plan in lieu of chiropractic treatments,

3. the defendants failed to provide a medically necessary and prescribed "hospital bed" to Walters,

4. the defendants asserted defenses to Walters's claims the defendants knew were without basis in fact, frivolous, and without merit, with the intent to deprive Walters of compensation and benefits to which Walters was entitled,

5. the defendants failed to provide a reasonable explanation within the terms of the insurance contract, for the defendants' denial of Walters's claims for benefits,

6. the defendants did not attempt to promptly settle in good faith Walters's claim for benefits,

7. the defendants attempted to pressure Walters into accepting a lesser amount in settlement.

All of these allegations in the Complaint were premised upon the allegedly tortious denial and efforts of the appellants to discontinue the worker's compensation benefits Walters claimed he was entitled to.

The Complaint alleged Industrial Indemnity intentionally and unreasonably denied worker's compensation benefits. Thus, the claims alleged in the Complaint arose under the worker's compensation law and consequently were within the exclusive jurisdiction of the Commission. *Van Tine*, 126 Idaho at 690, 889 P.2d at 719. The appellants' motions to dismiss pursuant to Rule 12(b)(1) should have been granted. Since we reverse the district court's finding of subject matter jurisdiction, we do not consider whether the district court erred in denying the appellants' motions to dismiss pursuant to I.R.C.P. 12(b)(6) and (8).

The respondents did not raise any constitutional challenges to the exclusive remedy provisions of Idaho's worker's compensation law, until this appeal. We will not consider constitutional issues that have been raised for the first time on appeal. *Buffington v. Potlatch Corp.*, 125 Idaho 837, 839–40, 875 P.2d 934, 936–37 (1994). Consequently, we will not consider the respondents' constitutional challenges raised in this appeal.

### IV.

### CONCLUSION

We reverse the district court's order denying the appellants' motion to dismiss. Costs to appellants.

JOHNSON, TROUT, SILAK and SCHROEDER, JJ., concur.