949 P.2d 223

Johnny E. WALTERS, and Renee E.
Walters, husband and wife,
Plaintiffs–Appellants,

v.

INDUSTRIAL INDEMNITY COMPANY
OF IDAHO, an Idaho Insurance Compa-
ny; Quane, Smith, Howard & Hull;
Alan K. Hull; Chris Toshcoff; Cindy
Hendrickson; Kathleen Doty; Peter Zo-
grafos, D.C.; John Does 1–10; and John
Doe Corporations 11–20, Defendants–Re-
spondents.

Johnny E. WALTERS and Renee E.
Walters, husband and wife,
Plaintiffs–Appellants,

v.

INDUSTRIAL INDEMNITY COMPANY
OF IDAHO, an Idaho Insurance Compa-
ny; Quane, Smith, Howard & Hull, Alan
K. Hull; Chris Toshcoff; Cindy Hen-
drickson; Kathleen Doty, Defendants–
Respondents,

and

Peter ZOGRAFOS, D.C.; John Does 1–
10; and John Doe Corporations
11–20, Defendants.

Nos. 23030, 23673.

Supreme Court of Idaho,
Coeur d'Alene, October 1997 Term.

Dec. 8, 1997.

Aherin, Rice & Anegon, Lewiston, for ap-
pellants. Darrel W. Aherin argued.

Clements, Brown & McNichols, Lewiston,
for respondents Industrial Indemnity. Mi-
chael E. McNichols argued.

Quane, Smith, Howard & Hull, Boise, for
respondents Quane, Smith, Howard & Hull.
Scott Wigle argued.

JOHNSON, Justice.

This is a bad faith insurance case in which
we consider two appeals. In the first appeal,
we conclude that, following issuance of an

amended remittitur from this Court, the trial court did not have jurisdiction to consider a request to amend the complaint. In the second appeal, we conclude that claim preclusion (res judicata) bars the action.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

Johnny E. Walters (Walters) suffered a work-related injury and submitted a worker's compensation claim to Industrial Indemnity Company of Idaho (the surety). The surety denied some of Walters's medical bills. Walters and his wife (the Walters) sued the surety and three of the surety's employees, Chris Toshcoff, Cindy Hendrickson, and Kathleen Doty (the surety's employees); the law firm of Quane, Smith, Howard & Hull and Alan K. Hull (the law firm); and Peter Zografos, D.C. (the doctor), alleging breach of the duty of good faith and fair dealing, breach of fiduciary duty, fraud, and intentional infliction of emotional distress. In response, the surety, the surety's employees, the law firm, and the doctor (collectively the defendants) requested the trial court to dismiss the Walters' claims. The trial court denied the dismissal, and the defendants appealed pursuant to permission granted by this Court.

In *Walters v. Industrial Indemnity Co. of Idaho,* 127 Idaho 933, 936, 908 P.2d 1240, 1243 (1996) *(Walters I )*, this Court stated that the trial court should have dismissed the Walters' claims because the trial court did not have subject matter jurisdiction to hear the case. After this Court decided *Walters I* and issued an amended remittitur, the Walters sought permission of the trial court to amend the complaint to raise constitutional claims that this Court had refused to hear in *Walters I* because the Walters had not raised those claims in the trial court. The trial court denied the Walters' motion to amend, stating that it had no continuing jurisdiction in the case and was in the same position as if it had dismissed the case before the appeal in *Walters I.* The trial court dismissed the case with prejudice, and the Walters appealed

(Docket No. 23030). The doctor did not participate in this appeal.

The Walters then sued the defendants in a new action seeking declaratory relief based on the constitutional claims they sought to raise by amendment following issuance of the amended remittitur in *Walters I.* The defendants moved to dismiss these claims on the ground of claim preclusion (res judicata). The trial court granted the motion, and the Walters appealed (Docket No. 23673).

## II.

### THE TRIAL COURT DID NOT HAVE SUBJECT MATTER JURISDICTION TO CONSIDER THE WALTERS' REQUEST TO AMEND THE COMPLAINT.

The Walters assert that following the issuance of the amended remittitur in *Walters I* the trial court had jurisdiction to consider their motion to amend the complaint. We disagree.

In its opinion in *Walters I,* this Court reversed "the district court's order denying the appellants' motion to dismiss," based on lack of subject matter jurisdiction. 127 Idaho at 936, 908 P.2d at 1243. The Court issued an amended remittitur that ordered the trial court to "forthwith comply with the directive of the Opinion, if any action is required...." The implicit directive of the opinion in *Walters I* was that the trial court should dismiss Walters' claims. Upon the issuance of the amended remittitur, the trial court had no other jurisdiction over the case. In *Mountain Home Lumber Co. v. Swartwout,* 33 Idaho 737, 197 P. 1027 (1921), the Court ruled:

> The mandate of the reviewing court is binding upon the lower court, and must be strictly followed. Where the appellate court remands a cause with directions to enter judgment for one of the parties, the judgment of the appellate court is a final judgment in the cause, and the entry thereof in the lower court is a purely ministerial act.... A trial court has no authority to enter any judgment or order not in conformity with the order of the appellate court. That order is conclusive on the

parties, and no judgment or order different from or in addition to that directed by it can have any effect.... No modification of the judgment so directed can be made by the trial court, nor can any provision be ingrafted on or taken from it.

*Id.* at 740–41, 197 P. at 1028.

In *J.R. Simplot Co. v. Chemetics International, Inc.*, 130 Idaho 255, 939 P.2d 574 (1997), the Court ruled that upon remand from this Court, in a case where we have directed the disposition of the case, a trial court may take additional action, if the action concerns a matter that is a subsidiary issue fairly comprised in the disposition of the case. *Id.* at 258, 939 P.2d at 577. The Walters' motion to amend to add the constitutional claims is not a subsidiary issue fairly comprised in the disposition in *Walters I.* Therefore, the trial court's jurisdiction following the amended remittitur from this Court did not include considering the Walters' request to amend their complaint.

### III.

### THE WALTERS' DECLARATORY RE-LIEF ACTION IS BARRED BY CLAIM PRECLUSION (RES JUDI-CATA).

The Walters assert that the trial court should not have dismissed their declaratory relief action on the ground that it was barred by claim preclusion (res judicata). We disagree.

"[A] valid and final judgment rendered in an action extinguishes all claims arising out of the same transaction or series of transactions out of which the cause of action arose." *Diamond v. Farmers Group, Inc.*, 119 Idaho 146, 150, 804 P.2d 319, 323 (1990). In *Walters I*, this Court ruled that the trial court should dismiss the Walters' claims against the defendants. This dismissal constituted a valid and final judgment of the claims between the Walters and the defendants. The Walters' constitutional claims that are the subject of their declaratory judgment action arise out of the same transaction—the worker's compensation claim—as the claims made in *Walters I*. In filing the declaratory relief action, the Walters were simply attempting to raise a new legal theory to seek a remedy for acts arising out of this transaction. Claim preclusion (res judicata) bars this attempt.

We reject the Walters' contention that they were not required to raise their constitutional claims until this Court's decision in *Van Tine v. Idaho State Insurance Fund,* 126 Idaho 688, 889 P.2d 717 (1994). Walters was put on notice of the necessity to raise the constitutional claims when the defendants moved to dismiss in *Walters I* based on the exclusive jurisdiction of the Industrial Commission over the claims Walters raised. *Magic Valley Radiology, P.A. v. Kolouch,* 123 Idaho 434, 439, 849 P.2d 107, 112 (1993) (holding that since the second lawsuit involved the same underlying transaction as the first lawsuit and since plaintiff had been put on notice of a potential claim that could have been raised in that first lawsuit, plaintiff is barred from raising it in the second lawsuit). Once on notice of the grounds for the defendants' requested dismissal, the Walters had an opportunity to raise their constitutional claims in *Walters I.*

### IV.

### CONCLUSION

We affirm the trial court's refusal to consider the Walters' motion to amend in Docket No. 23030 and the trial court's dismissal in Docket No. 23673.

We award the defendants, except the doctor, costs on appeal. We deny Quane, Smith, Howard & Hull and Alan K. Hull attorney fees on appeal.

TROUT, C.J., and SILAK, SCHROEDER and WALTERS, JJ., concur.