141 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lee Mazur HAYS, Petitioner-Appellant,
v.
Joe KLAUSER, Warden, The Idaho State Correctional
Institution, Respondent-Appellee.
 No. 97-35441.
D.C. No. CV-94-00331-BLW.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted Mar. 10, 1998**.
Decided Mar. 17, 1998.
 
 Appeal from the United States District Court for the District of Idaho B. Lynn Winmill, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Idaho state prisoner Lee Mazur Hays appeals pro se the district court's summary judgment for defendant Klauser in Hays's 42 U.S.C. § 1983 action.[1] Hays alleged that Klauser violated his due process rights by denying his requests to call a specific witness and to produce medical records at his disciplinary hearing for possession of expired and nonprescription medication. The district court concluded that, among other things, Hays's § 1983 action was barred by res judicata because Hays had unsuccessfully litigated the identical claim in a prior state habeas corpus petition. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 3
 Upon our independent review, see Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir.1993), we affirm the district court's summary judgment because we conclude that Hays received a full and fair opportunity in state court to litigate the instant claim under federal standards, see Silverton v. Department of Treasury, 644 F.2d 1341, 1346-47 (9th Cir.1981). Accordingly, Hays's § 1983 action is barred by res judicata. See Palomar Mobilehome Park Ass'n, 989 F.2d at 364-65; see also Walters v. Industrial Indem. Co. of Idaho, 949 P.2d 223, 225 (Idaho 1997) (stating that res judicata extinguishes all claims arising from the same transaction or series of transactions that was or could have been litigated in a prior proceeding).
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Hays initially filed this action as a habeas corpus petition, but a magistrate judge construed the petition as a complaint challenging the conditions of Hays's confinement under § 1983. The district court accepted this interpretation, and neither party disputes this point on appeal