979 P.2d 1188

**Joy D. HUMMER, Plaintiff–Appellant,**

v.

**Jerry L. EVANS, both individually and in his capacity as Superintendent of the Idaho Department of Education; the Idaho State Board Of Education, by and through its members, Defendants–Respondents.**

**No. 24296.**

Supreme Court of Idaho,
Boise, February 1999 Term.

June 2, 1999.

---

Mauk & Burgoyne, Boise, for appellant. W. Craig James argued.

Hon. Alan G. Lance, Attorney General, Boise, for respondents; Steven B. Price, Special Deputy Attorney General, argued.

TROUT, Chief Justice.

This is an appeal from the district judge's order holding that the court was without power to award attorney fees to the appellant, Joy Hummer (Hummer), under I.C. § 12-120(3).

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of the underlying case are set out in *Hummer v. Evans,* 129 Idaho 274, 276–79, 923 P.2d 981, 983–86 (1996) (*Hummer I* ). Briefly, however, Hummer brought a claim against the Respondents, Jerry L. Evans (Evans), the Idaho Department of Education (Department), and the Idaho State Board of Education (Board) after being fired from her position as a consultant on Acquired Immune Deficiency Syndrome (AIDS) education with the Department. While working as the AIDS consultant, Hummer was subpoenaed to testify at a sentence reduction hearing for a convict who Hummer believed would be helpful as a speaker for AIDS awareness. Due to scheduling difficulties, Hummer did not testify and instead wrote a letter on Department letterhead in support of the convict. On February 27, 1992, Evans, the former State Superintendent of Public Instruction, terminated Hummer, citing the letter as the basis for her termination.

Hummer then filed a claim alleging various tort and contract claims arising out of the circumstances surrounding her termination. Hummer's complaint requested costs and attorney fees pursuant to I.R.C.P. 54, I.C. § 12–117, I.C. § 12–121 and "such other laws as may apply." Following a bench trial on the claim, the district judge held that Hummer's termination was in violation of public policy and awarded Hummer $10,349.71 together with prejudgment interest, which was the amount she would have received in wages through the end of June 1992. *Hummer I,* 129 Idaho at 278, 923 P.2d at 985. Hummer then made a timely application for attorney fees under I.C. § 12–121.

On May 14, 1994, Hummer filed a Motion to Alter or Amend Judgment, requesting the district judge apply tort principles for the damage calculations and increase the award of damages to an amount of $85,480. In a subsequent memorandum, Hummer again renewed her request for attorney fees pursuant to I.C. § 12–121. At a hearing on Hummer's motions, the district judge clarified that the case did not fall under tort law. Subsequent-

ly, the district judge awarded Hummer additional damages, however, the judge declined to award attorneys fees under I.C. § 12–117 or I.C. § 12–121, determining the defendant's position was not so unreasonable as to warrant awarding attorney fees under I.C. § § 12–117 and 12–121; that there was no prior authority on the issue in the case; and the defendant had not taken an unreasonable or frivolous position on the issue of damages.

Evans appealed the district judge's decision to this Court but did not appeal the denial of attorney fees. On appeal, this Court held that Hummer's termination for responding to a court-issued subpoena was a violation of public policy and provided the basis for a claim of wrongful termination. The Court then clarified that a cause of action for wrongful termination in violation of public policy is based on breach of contract, not tort, and stated that "Hummer is entitled to contract damages based on the Department's wrongful termination of her in violation of public policy." The Court reversed the award of additional damages because Hummer had not proven her damages with "reasonable certainty." *Id.* at 280–81, 923 P.2d at 987–88.

Following this Court's decision in *Hummer I,* Hummer filed a Renewed Motion for Attorney Fees and asserted a right to attorney fees under I.C. § 12–120(3). Hummer based her motion on this Court's clarification in *Hummer I* that a cause of action for wrongful discharge in violation of public policy is a contract claim. The district judge denied Hummer's motion determining that, because Hummer had never made a motion for attorney fees based on I.C. § 12–120(3), argued for a tort measure of damages in the case, and never appealed the failure to award attorney fees based on I.C. § 12–120(3), the judge was without power to award fees under I.C. § 12–120(3). Hummer appealed the denial of her motion to this Court.

## II.

## ANALYSIS

**A. The district judge was without jurisdiction to consider Hummer's request for attorney fees.**

■ Hummer contends that the district judge incorrectly determined that she was without power to award attorney fees. Hummer's main argument is based on this Court's decision in *J.R. Simplot Co. v. Chemetics International, Inc.,* 130 Idaho 255, 258, 939 P.2d 574, 577 (1997), where we held that on remand, the issue of attorney fees was "a subsidiary issue fairly comprised therein." In the first appeal brought by Chemetics, this Court had reversed jury verdicts on two counts in favor of Simplot. Simplot had cross appealed, challenging the method by which the district judge had awarded its attorney fees. The Court held that the district judge had not abused his discretion in calculating the award of fees to Simplot. However, because the verdict had been reversed against Simplot on two counts, the Court remanded the case back to the district court to determine which part of the fees were attributable to Simplot as the prevailing party. *Id.* at 256–557, 939 P.2d at 575–76.

Chemetics filed a Petition for Rehearing seeking clarification of the opinion which the Court declined to hear. An Amended Remittitur was issued which stated:

> IT IS HEREBY ORDERED that the District Court shall forthwith comply with the directive of the Opinion, if any action is required; and

> IT is FURTHER ORDERED that costs are allowed to Appellants. No attorney fees on appeal.

*Id.* at 557, 939 P.2d at 576.

On remand, the district judge reduced the original award of attorney fees to Simplot. Chemetics then sought an award of costs and attorney fees as the prevailing party. The district judge determined that he did not have the authority to consider Chemetics' motion and Chemetics again appealed. *Id.* In the second appeal, this Court held that when the Court reversed part of the verdict, relieving Chemetics of liability, the question of attorney fees was a "subsidiary issue fairly comprised therein." The Court held that on remand, the district judge had jurisdiction to consider whether Chemetics was the prevailing party and to make an award of costs and attorney fees. *Id.* at 258, 939 P.2d at 577.

In this case, however, the issue of attorney fees was not a "subsidiary issue fairly comprised therein." In *Hummer I*, we held that

The district court's conclusion that Hummer's termination was a violation of public policy is affirmed. She is entitled to the initial award of damages and costs. The district court's grant of additur damages is reversed. Each party has prevailed in part on appeal. No costs or attorney fees are awarded.

*Hummer*, 129 Idaho at 281, 923 P.2d at 988. The Remittitur stated that:

IT IS HEREBY ORDERED that the District Court shall forthwith comply with the directive of the Opinion, if any action is required; and

IT IS FURTHER ORDERED that no costs or attorney fees are allowed.

After the Court's decision in *Hummer I*, the only action within the jurisdiction of the district judge was the ministerial act of entering any amended judgment necessary as a result of this Court's ruling reversing the damages award. The district judge did not, as Hummer appears to argue, have the power to revisit discretionary issues of the case simply because the Remittitur allowed the district judge to comply with "the directive of the Opinion, if any action is required." Indeed, the language of the Remittitur provides that the opinion of the Court directs whether any continuing jurisdiction of the district judge exists. In this case, our ruling did not open the door for the district judge to address substantive issues in the case. This case is unlike *Chemetics*, where our reversal of the verdict in the first appeal in and of itself changed the prevailing party and thus granted the district judge jurisdiction to address any issue, like attorney fees, that was related to the result in the appeal. In contrast, the implicit holding of *Hummer I* was that the district judge would have no jurisdiction to do anything other than enter an amended judgment. Jurisdiction to address a subsidiary issue such as attorney fees did not arise as a result of our holding.

■ As we recently noted in *Walters v. Industrial Indemnity Company*, 130 Idaho 836, 949 P.2d 223 (1997):

Where the appellate court remands a cause with directions to enter judgment for one of the parties, the judgment of the appellate court is a final judgment in the cause, and the entry thereof in the lower court is a *purely ministerial act.* ... A trial court has no authority to enter any judgment or order not in conformity with the order of the appellate court.

*Id.* at 837, 949 P.2d at 224 (quoting *Mountain Home Lumber Co. v. Swartwout*, 33 Idaho 737, 740–41, 197 P. 1027, 1028 (1921)) (emphasis added). Accordingly, the trial court did not have jurisdiction to address any issues following our decision in *Hummer I*.

**B. Attorney fees on appeal.**

■ Hummer requests attorney fees on appeal pursuant to I.C. § 12–120(3). Section 12–120(3) of the Idaho Code requires that the court hearing any action arising out of a contract for services award reasonable attorney fees to the prevailing party. This Court has interpreted I.C. § 12–120(3) to mandate the award of attorney fees on appeal as well as at trial. *Chemetics*, 130 Idaho at 258, 939 P.2d at 577. Here, Hummer is not the prevailing party on appeal and therefore, we decline to award her attorney fees on appeal.

■ Evans also asserts a right to attorney fees and costs on appeal based on I.A.R. 40, I.A.R. 41, I.C. § 12–120 and I.C. § 12–121. As stated above, this Court has held that I.C. § 12–120(3) mandates the award of attorney fees on appeal to the prevailing party. Additionally, costs are properly awarded to the prevailing party on appeal pursuant to I.A.R. 40. *Sammis v. Magnetek, Inc.*, 130 Idaho 342, 353, 941 P.2d 314, 325 (1997). Evans is the prevailing party on appeal and thus attorney fees and costs on appeal are appropriate.

## III.

## CONCLUSION

The district judge was without jurisdiction to address Hummer's request for attorney fees following our decision in *Hummer I*. Accordingly, we affirm the ruling of the district judge. We award costs and attorney fees on appeal to Evans.

Justices SILAK, SCHROEDER,
KIDWELL and Justice Pro Tem
McDERMOTT, CONCUR.