350 P.2d 225

**IDAHO SAVINGS & LOAN ASSOCIATION, a Corporation, Plaintiff-Appellant,**

v.

**William RODEN, Prosecuting Attorney of Ada County; Edward Babcock, Prosecuting Attorney of Twin Falls County; Hugh Maguire, Prosecuting Attorney of Bannock County; and Eugene L. Bush, Prosecuting Attorney of Bonneville County; Frank Benson, Attorney General of State of Idaho; Ralph U. Spaulding, Commissioner of Finance of State of Idaho, Defendants-Respondents.**

No. 8808.

Supreme Court of Idaho.

March 11, 1960.

Elam & Burke, Boise, for appellant.

Frank L. Benson, Atty. Gen., B. James Koehler, Jr., Asst. Atty. Gen., for respondents.

Parry, Robertson & Daly, Twin Falls, amicus curiae.

McQUADE, Justice.

Plaintiff appeals from a judgment in its favor wherein the trial court held a portion of Idaho Code, Title 30, chapter 13, unconstitutional. Plaintiff takes the position the trial court should have declared unconstitutional those provisions requiring the plaintiff to secure insurance of its accounts through the Federal Savings and Loan Insurance Corporation.

The trial court made detailed findings of fact which coincide with the complaint, which are as follows:

The plaintiff is a savings and loan association, an Idaho corporation, incorporated July 31, 1956, confining its business activities to this State, having its home office in Twin Falls, Idaho, and branch offices in Boise, Idaho Falls, and Pocatello, Idaho. As of January 31, 1957, the plaintiff had received the following share investment accounts:

| | |
|---|---|
| Boise, Idaho | $673,181.53 |
| Idaho Falls, Idaho | 353,902.59 |
| Pocatello, Idaho | 23,784.60 |
| Twin Falls, Idaho | (Part of the savings share accounts listed for the Boise office were obtained through the Twin Falls office by an employee of plaintiff in Twin Falls.) |

Plaintiff has continued to operate a savings and loan business at each of these locations since January 31, 1957, and has substantially increased its savings share accounts, investments in first mortgages, and government securities. On March 4, 1958, the savings share accounts totaled $3,463,892.44.

On March 22, 1957, plaintiff's stockholders had an investment in paid-in capital stock, leases, office furniture, equipment, U. S. government securities, notes secured by first liens on real estate, Federal Home Loan Bank notes, and Federal National Mortgage Association stock.

The amount of permanent, paid-in, guaranteed capital stock issued for benefit of shareholders increased from $25,000 on January 31, 1957, to $100,000 on October 1, 1958. As a further protection, all employees are covered by a fidelity bond

against fraud and embezzlement in the amount of $200,000 for each occurrence.

Plaintiff cannot remain in business if it is not permitted to make loans on real estate more than 50 miles from its home office in Twin Falls, the mortgage loan market within this radius not being large enough to absorb the proceeds from sale of savings shares received by all four offices.

Plaintiff first applied for insurance of accounts in the Federal Savings and Loan Insurance Corporation March 15, 1958. In its application, plaintiff submitted an economic need survey for each of its four offices, a reserve agreement, a dividend agreement, and an advance deposit for membership in the Federal Home Loan Bank.

In this application, plaintiff protested a restriction in the agreement required by the Federal Home Loan Bank, to the effect the applicant would not make any loans beyond 50 miles from its principal office. The application was returned by the Federal Home Loan Bank Board on the ground the instrument had been altered.

In a second application, the plaintiff attached a note stating it was making loans more than 50 miles from its home office; this application also was returned on the ground it had been altered.

The only State-chartered savings and loan association insured with the Federal agency on March 22, 1958, was First Security Savings and Loan Association, Inc., doing business in Pocatello. In November, 1957, there also existed in Idaho an uninsured savings and loan association, the First Security Savings and Loan Association, Incorporated, a Utah corporation, which conducted business in Moscow, Lewiston, Boise, Idaho Falls, and Nampa, Idaho. First Security Savings and Loan Association, Inc., and First Security Savings and Loan Association, Incorporated, proposed to the Federal Home Loan Bank that the two corporations be merged and through this merger obtain insurance of accounts for new branch offices in Boise and Lewiston, the other offices then being closed. These applications were denied on the ground the Boise and Lewiston offices were too far removed from the proposed home office in Pocatello.

The 50-mile loan radius restriction in the National Housing Act, 12 U.S.C.A. § 1701 et seq., was in effect at the time I.C. Title 30, chapter 13, was amended. This restriction is not an ironclad limitation.

On March 22, 1958, in addition to the Idaho Savings and Loan Association and the First Security Savings and Loan Association, a Utah corporation, there existed the Meridian Building and Loan Association, which did not have insurance of accounts with the Federal agency. The Meridian Building and Loan Association was incorporated March 13, 1911; it has sold paid-up savings shares and has made loans secured by real estate since that time.

for the last 15 years the Association has maintained an office in Meridian, Idaho, and has been continuously engaged in the business of operating a savings and loan association since the date of its incorporation.

According to the 1958 Fourth Annual Edition, Directory of American Savings and Loan Associations, the Meridian Savings and Loan Corporation had assets of more than $100,000. As of 1957, the Meridian Savings and Loan Association had no more than 18 fully-paid shareholders, and, of these, seven members held 85 to 90 per cent of the outstanding shares.

The trial court made this following finding of fact:

> "That there is no reasonable basis for making a distinction between savings and loan associations that have been in continuous business for less than a 15 year period prior to March 22, 1957, and those savings and loan associations that have been in continuous business for more than 15 years prior to March 22, 1957."

Upon such finding, a portion of the judgment declared the law in that respect void and ineffective.

Idaho Code, Title 30, chapter 13, among its several provisions, required that Idaho savings and loan associations insure their accounts with the Federal Savings and Loan Insurance Corporation as a condition precedent to doing business in the State of Idaho, or to the continuation of doing business in the State of Idaho.

Idaho Code, § 30–1301Q, subsection 2, exempted corporations which had been in continuous operation for a period of more than 15 years from the requirement that they procure insurance of accounts with the Federal Savings and Loan Insurance Corporation.

The trial court entered a judgment holding I.C., § 30–1301Q, subsection 2, void and ineffective, quoting the void and ineffective portion, to wit:

> " * * * except such as shall have been in continuous operation for a period of more than fifteen years prior to the effective date hereof * * *"

in that it violated the Idaho Constitution, Article 1, secs. 1 and 2, and the Fourteenth Amendment to the Constitution of the United States.

After holding there was no reasonable basis for making a distinction between corporations having been in continuous business 15 years or longer and other corporations, the trial court then held all savings and loan associations of the State of Idaho were required to insure their accounts with the Federal Savings and Loan Insurance Corporation.

In accordance with Morey v. Doud, 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed.2d 1485; Fidelity & Deposit Company of Maryland

v. Logan, 230 Ky. 776, 20 S.W.2d 753; State v. Glidden, 228 N.C. 664, 46 S.E.2d 860; Eslin v. Collins, Fla., 108 So.2d 889; Northwestern National Ins. Co. v. Fishback, 130 Wash. 490, 228 P. 516, 36 A.L.R. 1507; Crom v. Frahm, 33 Idaho 314, 193 P. 1013; Newland v. Child, 73 Idaho 530, 254 P.2d 1066, the trial court was correct in holding the distinction arbitrary, unreasonable, and discriminatory as to corporations of the same classification, such as we have in savings and loan associations in the State of Idaho. However, the trial court erred in striking that provision from the Act and in effect bringing the exempted savings and loan associations within the purview of the Act.

The trial court also held the Idaho Legislature unlawfully delegated its authority to an agency of the United States government in enacting the following sections: I.C. §§ 30–1301A, 30–1301H, subd. 3, 30–1301M, 30–1301Q, subds. 1 and 2, in that a savings and loan association, as a condition precedent to obtaining insurance of accounts with the Federal Savings and Loan corporation, is required to abide by and conform with rules and regulations of the Federal Home Loan Bank Board adopted after enactment of the Idaho legislation, and to abide by and conform with any amendment to Title 4 of the Housing Act relating to insurance of accounts which may become effective after the date of the Idaho act.

After holding these provisions to be an unlawful delegation of legislative power to the Federal government and its agency, the trial court struck those provisions from the Act on the ground they were severable. Plaintiff agrees to the unconstitutionality of delegation of authority, but argues the delegation of power is not severable.

Subsequent to the enactment of the provisions of this Act which the plaintiff is contesting, the Federal Home Loan Bank Board and the Federal Savings and Loan Insurance Corporation have enacted several modifications of the rules and regulations governing applicants and members. Defendants argue that future rules and regulations should not be considered herein as they do not affect the plaintiff. This argument is not persuasive, inasmuch as the question to be resolved is whether or not the Legislature of the State of Idaho, contrary to the Idaho Constitution, Article 3, section 1, unlawfully delegated its authority to the federal government and an agency thereof.

■ The legal axiom that all legislative power is vested in the Legislature of the State of Idaho has been set forth in State v. Nelson, 36 Idaho 713, 213 P. 358. The legislature cannot delegate its authority to another government or agency in violation of our Constitution. State v. Nelson, supra; State v. Heitz, 72 Idaho 107, 238 P.2d 439.

In dealing with the problem as to whether the unconstitutional provisions are severable, we must look to the effect upon the legislation of the deletion of these provisions. Under the decision of the trial court, the plaintiff is not required to observe future rules and regulations of the Board nor future amendments of the National Housing Act. But an agreement to observe and be bound by future amendments to the National Housing Act and future rules and regulations of the Board is exacted as a condition to granting the insurance, and also to continuing it in force. Hence, appellant can neither obtain the insurance nor continue it in force without being compelled to abide by the unconstitutional provisions of the Idaho act. Thus, it is demonstrated that the unconstitutional provisions delegating to the Congress and the Home Loan Bank Board the legislative power and function to make future laws and regulations governing appellant's business and its right to remain in business, are not severable from the provisions requiring appellant to obtain insurance of accounts by the Federal Savings and Loan Insurance Corporation. The provisions requiring such insurance are therefore unconstitutional and void.

The judgment to the extent that it holds the unconstitutional provisions of the Act severable from those requiring insurance of accounts and holding the insurance of accounts requirement valid is reversed, and the cause is remanded with directions to enter judgment in conformity herewith.

No costs allowed.

TAYLOR, C. J., KNUDSON, J., and BROWN, D. J., concur.

PORTER, C. J., sat at the hearing but did not participate in the decision.

SMITH, J., not participating.