550 P.2d 126

Ray Curtis LYNN, Claimant-Appellant,

v.

KOOTENAI COUNTY FIRE PROTECTIVE DISTRICT #1, Employer, and Andrew C. Hartley, Director and Manager of the State Insurance Fund and Administrator of the Firemen's Retirement Fund, Defendants-Respondents.

No. 11952.

Supreme Court of Idaho.

May 20, 1976.

James T. Knudson of Miller & Knudson, Coeur d'Alene, for claimant-appellant.

Paul S. Boyd, Boise, for defendants-respondents.

McFADDEN, Chief Justice.

Claimant-appellant, Ray Curtis Lynn, a fireman who retired from the Kootenai

County Fire Protection District No. 1, because of a non-service connected disability appeals from an order entered by the Industrial Commission denying his application for review and modification of an award of retirement benefits from defendant-respondent, Firemen's Retirement Fund. The principal issue raised by this appeal is the constitutionality of an amendment to I.C. § 72–1429F. S.L.1973, Ch. 105, § 3. The order is reversed and remanded for the reasons discussed herein.

This case was submitted for decision to the Industrial Commission on a stipulated record. In the stipulation the parties recited the agreed facts, their respective contentions and the issue for resolution. The facts pertinent to this appeal are as follows: From October 1, 1950, through August 4, 1974 (a period of 23 years, 10 months, 9 days of active service), Lynn, the claimant, worked as a full time paid fireman for the Kootenai County Fire Protection District. He was required to retire because he was "incapacitated not in the performance of his duties in a degree which prohibits his efficient service as a paid fireman." He timely applied for retirement, and all contributions required by the employer and employee were made. Lynn, the Kootenai County Fire Protection District, and the administrator of the Firemen's Retirement Fund[1] entered into an agreement relative to Lynn's retirement, which agreement provided Lynn was to receive "a monthly sum equal to 30% of the average

paid fireman's weekly wage in the State of Idaho, as prescribed by Section 72–1429(A) Idaho Code."

In September, 1974, the Industrial Commission approved the agreement of Lynn with his employer and the Firemen's Retirement Fund. In November, 1974, Lynn applied to the Industrial Commission for modification of the retirement agreement and this was resisted. The Commission denied Lynn's application, ruling that "the claimant is entitled to retirement benefits from the Firemen's Retirement Fund pursuant to Section 72–1429(F) as limited, modified, and controlled by Section 72–1429(A), Idaho Code." It also held that the retirement agreement awarding Lynn thirty per cent of the average paid fireman's salary or wage to be paid monthly awarded him the full amount to which he was entitled. The Commission also held it was without jurisdiction to rule upon the constitutionality of the applicable statutes. *Wanke v. Ziebarth Const. Co.*, 69 Idaho 64, 202 P.2d 384 (1949). Lynn appealed.

On appeal, Lynn argues that the award of retirement benefits of thirty per cent of the average fireman's salary denies him equal protection of the law under the Fourteenth Amendment to the Constitution of the United States. Resolution of this issue requires consideration of the interrelationship of several statutory provisions as they are applicable to the case at bar.

The Commission, applying the provisions of I.C. § 72–1429F[2] as amended in 1973,

---

1. The Firemen's Retirement Fund is administered by the Director of the state insurance fund of the State of Idaho. I.C. § 72–1405. The state insurance fund is also a defendant-respondent to this action.

2. "72–1429F. *Pension payment—Retirement of incapacitated fireman after five years.*— Any paid fireman with not less than five (5) years' active service * * * as a paid fireman as defined in this act and who shall be dismissed or retired by his employer because incapacitated not in the performance of duty in a degree which prohibits efficient service, * * * shall so long as he remains incapacitated be paid a monthly sum equal to two per cent (2%) of the average

paid fireman's salary or wage in this state for each year's active service, which said monthly retirement sum shall vary annually according to the determination of the average paid fireman's salary or wage in this state as set forth in section 72–1411, Idaho Code, ~~hereof, and shall in no event exceed fifty per cent (50%) of the average paid fireman's salary or wage~~ provided that, if the fireman has twenty-one (21) or more years of service, the monthly sum shall be the same amount as would be payable in the case of voluntary retirement." (Struck material was deleted and underlined material was added by S.L.1973, Ch. 105, § 3.).

held that Lynn was entitled to retirement benefits in the same amount as would be payable to a fireman who had voluntarily retired. The Commission awarded Lynn retirement benefits in the amount which a fireman who voluntarily retired in 1974 with more than twenty years of service would have received under I.C. § 72–1429A,[3] i. e., thirty per cent of the average fireman's salary. However, if prior to January 1, 1974 (the effective date for the 1973 amendment to I.C. § 72–1429F),[4] Lynn had retired with twenty-three years' service because of a non-service connected disability, he would have received retirement benefits in the amount of forty-six per cent pursuant to I.C. § 72–1429F.[5] If Lynn had retired after January 1, 1976, with twenty-three years' service, he would have received retirement benefits equal to fifty-five per cent of the average paid fireman's salary.[6]

Moreover, if a fireman with fifteen to twenty years' service had retired on the same day as Lynn retired for the same reasons Lynn retired, he would have received the same or substantially more benefits than Lynn was awarded.[7]

Lynn argues that the 1973 amendment to I.C. § 72–1429F (S.L.1973, Ch. 105, § 3) as applied to him violates the Fourteenth Amendment because other firemen with less service receive more benefits, and others with a like period of service but whose retirement dates differed also receive more benefits.

Like all statutorily created classifications, the classifications created by Title 72, Chapter 14, must satisfy the equal protection requirements of the Fourteenth Amendment. If a classification does not involve a fundamental right such as the

3. "72–1429A. Pension payment—Voluntary retirement after twenty years.—Any paid fireman with not less than twenty (20) years' active service * * * may, at his option, retire, and in the event of such retirement he shall be paid from the firemen's retirement fund a monthly sum during the remainder of his life equal to thirty per cent (30%) of the average paid fireman's salary or wage in this state, which said monthly retirement sum shall vary annually according to the determination of the average paid fireman's salary or wage in this state as set forth in section 72–1411 hereof." Repealed effective July 1, 1976. S.L.1976, Ch. 273, § 29.

4. S.L.1973, Ch. 105, § 16.

5. "72–1429F. Pension payment—Retirement of incapacitated fireman after five years.—Any paid fireman with not less than five (5) years' active service * * * as a paid fireman * * * and who shall be dismissed or retired by his employer because incapacitated not in the performance of duty in a degree which prohibits efficient service, * * * shall so long as he remains incapacitated be paid a monthly sum equal to two per cent (2%) of the average paid fireman's salary or wage in this state for each year's active service, which said monthly retirement sum shall vary annually according to the determination of the average paid fireman's salary or wage in this state as set forth in section 72–1411 hereof, and shall in no event exceed fifty per cent (50%) of the average paid fireman's salary or wage."

6. "72–1430D. Pension payment—Voluntary retirement after twenty-three years [Effective January 1, 1976].—Any paid fireman with not less than twenty-three (23) years' active service * * * as a paid fireman * * * within the state and not less than twenty-three (23) years of having the tax deducted from his salary or wage and the tax remitted as set out in sections 72–1411 and 72–1412, Idaho Code, may at his option, retire, and in the event of such retirement he shall be paid from the firemen's retirement fund a monthly sum during the remainder of his life equal to fifty-five per cent (55%) of the average paid fireman's salary or wage in this state, which said monthly retirement sum shall vary annually according to the determination of the average paid fireman's salary or wage in this state as set forth in section 72–1411, Idaho Code. [I.C., § 72–1430D, as added by 1973, ch. 105, § 11, p. 179.]."

7. A fireman with more than five years' service but less than twenty-one years' service who retired pursuant to I.C. § 72–1429F as amended would receive retirement benefits equal to "two per cent (2%) of the average paid fireman's salary or wage * * * for each year's active service." I.C., § 72–1429F. Thus, a retired fireman with fifteen years' active service would receive benefits equal to thirty per cent of the average paid fireman's salary and a fireman who retired with twenty years' service would receive benefits equal to forty per cent of the average paid fireman's salary.

right to vote or if a classification has not been drawn upon traditionally suspect lines such as race, the Supreme Court of the United States has held that the classification does not offend the Fourteenth Amendment if the classification bears a rational or reasonable relationship to the purposes for which the statute was enacted. *Dandridge v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); *Loving v. Com. of Virginia*, 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967); *Harper v. Virginia State Board of Elections*, 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966); *McGowan v. Maryland*, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).

> " ' "[T]he Fourteenth Amendment does not deny to States the power to treat different classes of persons in different ways. *Barbier v. Connolly*, 113 U.S. 27, 5 S.Ct. 357, 28 L.Ed. 923 (1885); *Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369 (1911); *Railway Express Agency v. New York*, 336 U.S. 106, 69 S.Ct. 463, 93 L.Ed. 533 (1949); *McDonald v. Board of Election Commissioners*, 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969). The Equal Protection Clause of that amendment does, however, deny to States the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute. A classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' *Royster Guano Co. v. Virginia*, 253 U.S. 412, 415, 40 S.Ct. 560, 64 L.Ed. 989 (1920)" ' *Eisenstadt v. Baird*, 405 U.S. 438, 446–447, 92 S.Ct. 1029, 1035, 31 L.Ed.2d 349 (1972)." *Kerr v. Dept. of Employment*, 97 Idaho 385, 545 P.2d 473, 474 (1976).

Thus, this court must determine if the legislature's classification as applied to Lynn is rationally related to the purposes for which the 1973 amendments were enacted. The primary purpose of the 1973 amendments was to provide for an increase in benefits for voluntarily retired firemen or those retired for non-service connected disability. However, in the case at bar, enactment of the 1973 amendments substantially diminished Lynn's retirement benefits. If Lynn had retired prior to January 1, 1974, pursuant to I.C. § 72–1429F, he would have received benefits equal to forty-six per cent of the average paid fireman's salary.

■ Our examination of Title 72, Chapter 14, does not disclose a rational relationship of Lynn's classification upon which his award of retirement benefits was calculated to the purposes for which the 1973 amendments were enacted. The primary purpose of the legislature in enacting these amendments was to increase the retirement benefits for firemen who retired either voluntarily or non-voluntarily; however, as applied to Lynn, these amendments operated to diminish his benefits. The 1973 amendment to I.C. § 72–1429F [S.L.1973, Ch. 105, § 3] must be declared to be unconstitutional as this classification violates the Fourteenth Amendment to the Constitution of the United States.

■ This court must also determine whether the unconstitutional section, section 3, may be severed from the remaining sections of Chapter 105. This court must look to the effect upon the legislation of deletion of the invalid portions. *Idaho Savings and Loan Association v. Roden*, 82 Idaho 128, 350 P.2d 225 (1960). If the unconstitutional section does not in and of itself appear to be an integral or indispensable part of the chapter, then it may be stricken therefrom. *State v. Finch*, 79 Idaho 275, 315 P.2d 529 (1957).

■ Title 72, Chapter 14, contains a severability clause:

> "If any clause, section, or provision of this act be found to be unconstitutional, the remainder of this act shall remain in

full force and effect, notwithstanding such invalidity." I.C. § 72–1426.

Chapter 105 of the 1973 Session Laws amended Title 72, Chapter 14. This court in the absence of evidence of contrary legislative intent, can presume that the legislature intended the previously enacted severability clause to apply to the amendments. See, Sutherland, Statutory Construction, §§ 22.34, 22.35, 44.08 (1972). Where possible, this court will recognize the legislative intent expressed by the severability clause. *Clemens v. Pinehurst Water Dist.*, 81 Idaho 213, 339 P.2d 665 (1959). If the offending section was to be stricken, the section would be as it was before the amendment. Incapacitated fireman who retired pursuant to this section would still enjoy a right to retirement benefits; thus, this section is not indispensable to the act and so we will recognize the legislature's intent expressed in the severability clause and sever section 3 from Chapter 105.

It should be noted that S.L.1973, Ch. 105, § 3, may have unconstitutionally infringed upon Lynn's vested rights to retirement benefits from the Firemen's Retirement Fund. This court has adopted the rule "the rights of the employees in pension plans such as Idaho's Retirement Fund Act are vested, subject only to reasonable modification for the purpose of keeping the pension system flexible and maintaining its integrity." *Hanson v. City of Idaho Falls,* 92 Idaho 512, 514, 446 P.2d 634, 636 (1968). See, *Pearson v. County of Los Angeles,* 49 Cal.2d 523, 319 P.2d 624 (1957); *Bakenhus v. City of Seattle,* 48 Wash.2d 695, 296 P.2d 536 (1956).

Lynn is entitled to retirement benefits pursuant to I.C. § 72–1429F as it existed prior to amendment in 1973. Therefore, we remand the case to the Industrial Commission and order the Commission to enter an award of benefits pursuant to statute. No opinion is expressed concerning the effect of subsequent amendments to Title 72, Chapter 14.

Order of Industrial Commission denying Lynn's application for modification of award of retirement benefits is reversed and case remanded to the Industrial Commission. Costs to appellant.

DONALDSON, J., and DUNLAP, District Judge, concur.

SHEPARD, J., and SCOGGIN, District Judge, concur in the result.