980 P.2d 566

**IDAHO STATE INSURANCE FUND, Plaintiff–Counterdefendant–Respondent,**

v.

**Kerby VAN TINE, Defendant–Counterplaintiff–Appellant.**

**No. 24723.**

Supreme Court of Idaho,
Boise, March 1999 Term.

June 9, 1999.

See also, 126 Idaho 688, 889 P.2d 717.

904

Aherin, Rice & Anegon, Lewiston, for appellant. Darrel W. Aherin argued.

Hon. Alan G. Lance, Attorney General; David J. Lee, Deputy Attorney General, Boise, for respondent. David J. Lee argued.

SILAK, Justice.

This is an appeal from the dismissal of a counterclaim seeking damages against a worker's compensation surety for breach of the duty of good faith and fair dealing arising out of the surety's subrogation claim. We affirm.

## I.

## FACTS AND PROCEDURAL BACKGROUND

### A. Facts

On January 30, 1990, appellant Kerby Van Tine (Van Tine) was injured during the course of his employment with the Idaho Department of Transportation when the vehicle he was driving was struck by a semi-truck. Van Tine submitted a worker's compensation claim to his employer's worker's compensation surety, respondent Idaho State Insurance Fund (SIF). The SIF made payments on certain of Van Tine's medical bills, but refused payment on others. Van Tine also filed suit against the third-party tortfeasor, the driver of the semi-truck.

In March 1992, Van Tine and the tortfeasor reached a settlement whereby the tortfeasor paid Van Tine $125,000, which Van Tine's attorney placed in his trust account. The SIF thereafter claimed subrogation. Van Tine disputed the subrogation claim, arguing that the SIF interfered with the tort litigation thereby causing Van Tine to recover less than that to which he was entitled.

In July 1992, Van Tine filed suit against the SIF in Nez Perce County alleging breach of the duty of good faith and fair dealing and breach of a fiduciary duty, and claiming that the SIF waived subrogation rights to the proceeds of the third party tort recovery. The next day the SIF filed suit against Van Tine's attorney, Darrel Aherin, in Nez Perce County for its subrogation claim.

In November 1993, the Idaho Industrial Commission (Commission) approved a lump sum settlement agreement for the worker's compensation case. The total amount of all benefits, including medical benefits, income benefits, and consideration for settlement was $45,532.05. In the agreement, the parties also agreed that the issue of the SIF's subrogation claim would be resolved in one of the two suits filed in Nez Perce County. Van Tine's suit eventually came before this Court which held that the district court did not have subject matter jurisdiction to decide the subrogation issue, but rather that the Commission had exclusive jurisdiction to de-

cide this issue as it came under the worker's compensation law. *Van Tine v. Idaho State Ins. Fund*, 126 Idaho 688, 690, 889 P.2d 717, 719 (1994) (*Van Tine I*). The Court also held that the district court lacked subject matter jurisdiction to decide whether the SIF breached the duty of good faith and fair dealing. The SIF's suit against Van Tine's attorney was subsequently dismissed.

In February 1996, the SIF petitioned the Commission for a declaratory ruling on the subrogation issue. The Commission ruled that it lacked authority to review the lump sum agreement as the petition was not timely filed and no other statutory basis for review existed. The SIF filed a second petition with the Industrial Commission seeking a declaratory ruling which the Commission again denied in April 1998.

### B. Procedural Background

In June 1996, the SIF instituted the present action by filing a complaint for declaratory judgment on the subrogation issue. Van Tine filed a counterclaim alleging that the SIF waived the subrogation claim (Count I), that it would be unconstitutional for the SIF to maintain a claim for subrogation since the SIF engaged in conduct which reduced the amount of Van Tine's recovery received from the tortfeasor (Count II), and that the SIF breached its duty of good faith and fair dealing (Count III). The district court granted Van Tine's summary judgment motion on the basis that it lacked subject matter jurisdiction. The SIF did not appeal. The district court also granted the SIF's summary judgment motion on Van Tine's counterclaim ruling that Count I of the counterclaim was moot by virtue of prior orders of the court, and that the court lacked jurisdiction to decide Counts II and III. The district court thereafter awarded Van Tine certain costs as a matter of right, but denied his request for discretionary costs and attorney fees with respect to the granting of Van Tine's summary judgment motion against the SIF. Van Tine appeals the dismissal of his counterclaim and the denial of his request for discretionary costs and attorney fees.

## II.

### ISSUES ON APPEAL

1. Whether the district court improperly granted the SIF's summary judgment motion on Van Tine's counterclaim based on lack of subject matter jurisdiction.

2. Whether the constitutional rights of Van Tine were violated by a blanket denial of a cause of action for bad faith.

3. Whether the district court improperly denied Van Tine's request for discretionary costs and attorney fees.

4. Whether Van Tine is entitled to costs and attorney fees on appeal.

The SIF raises the following additional issue on appeal:

1. Whether the SIF is entitled to costs and attorney fees on appeal.

## III.

### ANALYSIS

#### A. Standard of Review

In an appeal from an order granting summary judgment, this Court applies the same standard of review as that used by the district court when originally ruling on the motion. *Mitchell v. Bingham Memorial Hosp.*, 130 Idaho 420, 422, 942 P.2d 544, 546 (1997); *State v. Rubbermaid, Inc.*, 129 Idaho 353, 355–56, 924 P.2d 615, 617–18 (1996). Upon review, all disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Mitchell*, 130 Idaho at 422, 942 P.2d at 546; *Rubbermaid*, 129 Idaho at 356, 924 P.2d at 618. Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *McCoy v. Lyons*, 120 Idaho 765, 769, 820 P.2d 360, 364 (1991). Because the construction and application of a legislative act are pure questions of law, this Court exercises free review over such questions. *Mitchell*, 130 Idaho at 422, 942 P.2d at 546. The Court also exercises free review over constitutional issues as they,

too, are purely questions of law. *Meisner v. Potlatch Corp.,* 131 Idaho 258, 260, 954 P.2d 676, 678 (1998).

### B. The District Court Properly Dismissed Count III Of Van Tine's Counterclaim Alleging Breach Of The Duty Of Good Faith And Fair Dealing On The Basis That It Lacked Subject Matter Jurisdiction.

This issue falls squarely within our holding of *Van Tine I,* and as such, we affirm the district court's order dismissing Count III of Van Tine's counterclaim.

In *Van Tine I,* Van Tine filed suit against the SIF alleging breach of the duty of good faith and fair dealing and breach of fiduciary duty.[1] Van Tine listed six specific allegations in his complaint which explicitly related to the SIF's failure to pay certain of Van Tine's medical expenses. Additionally, Van Tine listed the three following allegations:

7. SIF used its position with the Commission to have a position of superiority over Van Tine and other workers.
8. SIF authorized a suit to be filed against the Van Tines' attorney in an attempt to disrupt the Van Tines' relationship with their attorney and apply pressure to the Van Tines.
9. SIF lobbies for changes that are beneficial to SIF and detrimental to Van Tine and other workers.

*Van Tine I,* 126 Idaho at 690, 889 P.2d at 719.

The Court in *Van Tine I* first held that all questions arising under the worker's compensation law are within the exclusive jurisdiction of the Industrial Commission. *Id.* at 689, 889 P.2d at 718 (quoting I.C. § 72–707 (1989)). *See also Walters v. Indus. Indem. Co. of Idaho,* 127 Idaho 933, 908 P.2d 1240 (1996) (holding that complaint alleging that insurer intentionally and unreasonably denied worker's compensation benefits arose under worker's compensation law and thus was within the exclusive jurisdiction of the

Commission.). The Court noted that if any of Van Tine's claims against the SIF arose under the worker's compensation law, the district court would not have subject matter jurisdiction to decide them. *Van Tine I,* 126 Idaho at 689, 889 P.2d at 718.

Secondly, with respect to the first six allegations of Van Tine's bad faith claim, the Court held that they came within the purview of I.C. § 72–804 of the Worker's Compensation Act and that, therefore, the Commission had exclusive jurisdiction over them. *Id.*

I.C. 72–804 provides:

**Attorney's fees—Punitive costs in certain cases.**—If the commission or any court before whom any proceedings are brought under this law determines that the employer or his surety contested a claim for compensation made by an injured employee or dependent of a deceased employee without reasonable ground, or that an employer or his surety neglected or refused within a reasonable time after receipt of a written claim for compensation to pay to the injured employee or his dependents the compensation provided by law, or without reasonable grounds discontinued payment of compensation as provided by law justly due and owing to the employee or his dependents, the employer shall pay reasonable attorney fees in addition to the compensation provided by this law. In all such cases the fees of attorneys employed by injured employees or their dependents shall be fixed by the commission.

The Court concluded that because those first six allegations explicitly related to contested claims for compensation without reasonable ground, SIF's refusal to pay compensation within a reasonable time, and discontinued payment of compensation justly due and owing without reasonable ground, they arose under I.C. § 72–804 and the district court thus did not have jurisdiction. *Van Tine I,* 126 Idaho at 689, 889 P.2d at 718.

---

1. In *Van Tine I,* Van Tine also alleged that the SIF waived its subrogation right to any of the third party tort recovery proceeds. The Court held that the district court lacked subject matter jurisdiction to decide this issue. In the present case, Van Tine raised the issue again in Count I of his counterclaim. The district court ruled that the issue was moot because of prior orders and Van Tine does not appeal that ruling.

With respect to Van Tine's three remaining allegations listed above, the Court in *Van Tine I* held that they implicitly related to the award of attorney fees pursuant to I.C. § 72–804 and thus the district court did not have jurisdiction to decide these allegations either. The basis for the Court's holding was that those allegations were made a part of Van Tine's request for damages for the SIF's breach of the duty of good faith and fair dealing. The Court noted that pursuant to *White v. Unigard Mut. Ins. Co.*, 112 Idaho 94, 730 P.2d 1014 (1986), in order to have a claim for bad faith, a claimant must allege that the insurer intentionally and unreasonably denied or delayed payment on a claim, and in the process harmed the claimant in such a way that the claimant cannot be fully compensated at contract. *Van Tine I*, 126 Idaho at 690, 889 P.2d at 719. The Court then held:

> Based on this description in *White,* any claim the Van Tines have for breach of the duty of good faith and fair dealing must relate to SIF's intentional and unreasonable denial of or delay in paying workers' compensation benefits. To the extent that allegations 7, 8, and 9 above support a claim for breach of the duty of good faith and fair dealing, they must be considered to allege an intentional and unreasonable denial of or delay in paying benefits to Van Tine. Otherwise, they would not support a claim for breach of the duty of good faith and fair dealing.

*Id.*

In the present case, Count III of Van Tine's counterclaim provides as follows:

> The Fund has breached its duty of good faith and fair dealing owed to defendant in the following respects:
> (a) Continues to harass Van Tine with lawsuits even though plaintiff has lost its subrogation rights.
> (b) Authorized a suit to be filed against the Van Tines' attorney in an attempt to disrupt Van Tine's relationship with his attorney and apply pressure to Van Tine.
> (c) The Fund owes a duty of good faith and fair dealing to Van Tine and has deprived Van Tine the right to monies which are rightfully his.

In his brief on appeal, Van Tine asserts that his counterclaim for breach of the duty of good faith and fair dealing relates to actions of the SIF after July 1992 (the date his lawsuit was filed in *Van Tine I* ), and that, therefore, it is a wholly different claim than that decided in *Van Tine I* and thus does not arise from I.C. § 72–804. We disagree.

■ Subsection (c) of Count III states that the SIF deprived Van Tine of funds that were rightfully his. This allegation clearly falls under I.C. § 72–804 pursuant to our holding in *Van Tine I,* as Van Tine is essentially arguing that the SIF contested a claim for compensation without reasonable ground. According to *Van Tine I,* that type of allegation explicitly relates to the premises for an award of attorney fees under I.C. § 72–804. *Van Tine I,* 126 Idaho at 690, 889 P.2d at 719.

■ Subsection (b) of Count III also clearly falls under I.C. § 72–804 pursuant to *Van Tine I* as it was a listed allegation in Van Tine's complaint in the *Van Tine I* suit. As stated above, the Court held in that case that this allegation implicitly related to the premises for the award of attorney fees pursuant to I.C. § 72–804, thus presenting a question arising under I.C. § 72–804. *Id* .

■ Subsection (a) of Count III also implicitly falls under I.C. § 72–804 pursuant to *Van Tine I* based on the Court's analysis and discussion regarding *White v. Unigard Mut. Ins. Co.,* and the necessary underlying basis for bad faith claims. Pursuant to *White,* by definition there is no claim for bad faith unless it relates to an insurer intentionally and unreasonably failing to pay a claim or compensate the insured. Such a claim must relate to the failure to pay monies that the insured claims he is owed. If the allegation does not relate to the insurer's unreasonable failure to pay the insured, either explicitly or implicitly, the insured has not stated a claim for bad faith. Thus, in order for Van Tine to maintain the allegation that the SIF breached its duty of good faith and fair dealing by continuing to harass Van Tine with lawsuits even though the SIF has lost its subrogation rights, by definition under

*White v. Unigard,* the claim· must at least implicitly relate to an assertion that the SIF intentionally and unreasonably either denied or delayed compensation. If it does not, then there is no bad faith claim. If the claim does relate to the SIF's unreasonableness in failing to compensate Van Tine, then it falls under I.C. § 72–804 and the exclusive jurisdiction of the Commission and the worker's compensation law. We hold that this claim indeed falls under I.C. § 72–804.

 Further, pursuant to *White v. Unigard,* a claim against an insurer for breach of the duty of good faith and fair dealing is only available to first party insureds:

> The tort of bad faith breach of insurance contract, then, has its foundations in the common law covenant of good faith and fair dealing and is founded upon the unique relationship of the insurer and the insured, the adhesionary nature of the insurance contract including the potential for overreaching on the part of the insurer, and the unique, "non-commercial" aspect of the insurance contract. Accordingly, we hold that there exists a common law tort action, distinct from an action on the contract, for an insurer's bad faith in settling the *first party claims of its insured.*

112 Idaho at 100, 730 P.2d at 1020 (emphasis added). In the present case, the first party insured of the SIF is the Idaho Department of Transportation, not Van Tine. Thus, because Van Tine is a third party claimant, even out of the context of the worker's compensation law, he would not be able to maintain a bad faith action against the SIF.

Thus, we hold that the district court properly dismissed Count III of Van Tine's counterclaim alleging breach of the duty of good faith and fair dealing on the basis that it lacked subject matter jurisdiction.

### C. The District Court Properly Dismissed Van Tine's Constitutional Claim Based On A Lack Of Subject Matter Jurisdiction.

 In its order granting the SIF's summary judgment motion on Van Tine's counterclaim, with respect to Count II, Van Tine's constitutional challenge, the district court simply ruled that it lacked subject matter jurisdiction to hear the allegations. During the telephonic hearing on the motion, the court stated as follows with respect to Count II:

> With respect to the constitutional argument of count one [sic—count two], I recognize the argument, but I would say having been forced into a decision on count three, that I think that the constitutional argument bumps right along with it. And that constitutional argument is preserved, can be made before the Industrial Commission and bumps up to the supreme court along with the argument there, or can bump up along with the argument here, but it is—it would be improper, I think, given the clear declaration in Vantine I, to attempt an end run around the Supreme Court by visiting the constitutional issue. And so I decline to do so.

Van Tine argues that the district court did have jurisdiction to decide the constitutional issue, especially over the Industrial Commission. We agree. This Court has indicated that the courts are the proper forum for the determination of the constitutionality of statutes. *See Lynn v. Kootenai County Fire Protective Dist. # 1,* 97 Idaho 623, 624, 550 P.2d 126, 127 (1976); *State v. Evans,* 73 Idaho 50, 59, 245 P.2d 788, 797 (1952); *Wanke v. Ziebarth Const. Co.,* 69 Idaho 64, 202 P.2d 384 (1949). Further, the Court recently held that the Industrial Commission in particular does not have jurisdiction to decide such constitutional challenges. *Tupper v. State Farm Ins.,* 131 Idaho 724, 729, 963 P.2d 1161, 1166 (1998). Thus, we hold that the district court did have subject matter jurisdiction to address Van Tine's constitutional challenge. However, because this Court exercises free review over constitutional issues, *Meisner,* 131 Idaho at 260, 954 P.2d at 678, we will decide the merits of the issue rather than remanding the case to the district court.

 Van Tine argues that I.C. § 72–804 is unconstitutional ·if it precludes him, an injured worker, from bringing a bad faith action against his employer's surety. Although Van Tine argues that such an interpretation of I.C. § 72–804 would deprive him

of due process and equal protection under the Fourteenth Amendment to the United States Constitution, he provides argument and authority for only the equal protection claim. Therefore, the Court's focus will be limited to the equal protection question. *Weaver v. Searle Bros.*, 131 Idaho 610, 616, 962 P.2d 381, 387 (1998) (holding that pursuant to I.A.R. 35(a)(6), issues on appeal must be supported by propositions of law, authority or argument in the argument section of a party's brief or they will not be considered); *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

■ Van Tine argues that it is "unconstitutional to exclude an injured worker, insured by a worker's compensation policy, from bringing a bad faith claim while allowing all other persons insured by contracts of insurance to have as a remedy a bad faith cause of action against the insurer." Van Tine contends that if his counterclaim allegations relating to the SIF's breach of the duty of good faith and fair dealing must be characterized as stemming from the SIF's unreasonable denial of benefits and thus falling under I.C. § 72–804 of the worker's compensation law, then I.C. § 72–804 is unconstitutional as it precludes him from bringing a tort action against the SIF for bad faith. Van Tine argues that the worker's compensation act was never intended to shield the type of harassing conduct exhibited by the SIF, and that such an interpretation would deny him equal protection under the law.

This Court has held that when a statute is constitutionally challenged, it will make every presumption in favor of constitutionality, and that the burden of establishing unconstitutionality rests upon the challengers. *Tupper*, 131 Idaho at 730, 963 P.2d at 1167; *Rhodes v. Indus. Comm'n*, 125 Idaho 139, 142, 868 P.2d 467, 470 (1993). The Court has also held that its inquiry is not concerned " 'with the accuracy as to the legislative finding, but only with the question of whether it so lacks any reasonable basis as to be arbitrary.' " *Tupper*, 131 Idaho at 730, 963 P.2d at 1167 (quoting *Sellmer v. Ruen*, 115 Idaho 700, 701, 769 P.2d 577, 578 (1989)).

■ In the present case, Van Tine's constitutional challenge of I.C. § 72–804 should be tested under the rational basis test of equal protection review since the statute creates " 'no suspect or invidiously discriminatory classification' and implicate[s] 'no fundamental right,' but rather involve[s] 'economic and social welfare legislation.' " *Tupper*, 131 Idaho at 730, 963 P.2d at 1167 (quoting *Rhodes*, 125 Idaho at 142, 868 P.2d at 470). In order to pass the rational basis test, the statute must bear a rational relationship to a legitimate legislative purpose. *Id.* Under the rational basis test, a classification will withstand an equal protection challenge if there is any conceivable state of facts which will support it. *Meisner*, 131 Idaho at 262, 954 P.2d at 680.

■ "Worker's compensation statutes must be considered in the context of the entire act." *Id.* Pursuant to I.C. § 72–201 and § 72–707, it is clear that the legislature intended, in order for the worker's compensation law to achieve its purpose of providing sure and certain relief for injured workers and their families, that all claims, issues and civil actions relating in any manner to the injury of a worker, whether procedural or substantive, be decided under the worker's compensation act by the Commission. This would also include subrogation issues, I.C. § 72–223(3), and issues involving the unreasonable denial or delay of compensation by the employer or his surety, I.C. § 72–804. We believe that the legislature did not intend for a worker to be able to bring a bad faith tort action against his employer's surety in courts of general jurisdiction, but rather that a worker could receive attorney fees and sometimes punitive costs if the employer or surety acts unreasonably. Thus, Van Tine has failed to show why I.C. § 72–804 does not bear a rational relationship to the above stated purpose of the worker's compensation act. We therefore hold that Van Tine's equal protection rights have not been violated.

**D. The District Court Did Not Abuse Its Discretion In Denying Van Tine's Request For Discretionary Costs And Attorney Fees.**

■ On May 11, 1998, the district court entered an order awarding Van Tine $56.00

for costs as a matter of right pursuant to I.R.C.P. 54(d)(1)(C), but denying his request for discretionary costs and attorney fees pursuant to I.R.C.P. 54(d)(1)(D). This order was a result of the court granting Van Tine's summary judgment motion on the SIF's claim for subrogation. Van Tine argues that he should have been awarded all his costs and fees because of the frivolous nature of the SIF's suit.

 "The grant or denial of discretionary costs is 'committed to the sound discretion of the district court,' and will only be reviewed by an appellate court for an abuse of that discretion." *Fish v. Smith*, 131 Idaho 492, 493, 960 P.2d 175, 176 (1998) (quoting *Zimmerman v. Volkswagen of America, Inc.*, 128 Idaho 851, 857, 920 P.2d 67, 73 (1996)). This Court affirms the district court's denial of Van Tine's request for discretionary costs and attorney fees. Although the court did grant Van Tine's summary judgment motion, it also granted the SIF's motion on Van Tine's counterclaim for the very same reason—lack of subject matter jurisdiction. Further, Van Tine has failed to provide any argument or authority as to why the district court abused its discretion in denying his request.

### E. The SIF Is Not Entitled To Attorney Fees On Appeal.

The SIF requests that it be awarded its attorney fees incurred in this appeal. However, the SIF provides no argument or authority as to why it is entitled to such fees. As stated above, this Court will not consider issues listed on appeal unless they are supported by propositions of law, authority or argument in the argument section of the party's brief. I.A.R. 35(a)(6); *Weaver*, 131 Idaho at 616, 962 P.2d at 387. Thus, we will not consider the SIF's request.

### IV.

### CONCLUSION

We hold that the district court did not err in dismissing Count III of Van Tine's counterclaim alleging breach of the duty of good faith and fair dealing. Pursuant to the Court's holding in *Van Tine I*, Van Tine's claim relates to the SIF's unreasonableness in failing to compensate him, thus falling under I.C. § 72–804 and the exclusive jurisdiction of the Commission. We further hold that, in any event, Van Tine cannot maintain a bad faith action against the SIF because he is a third party claimant, and pursuant to *White v. Unigard*, such action may only be brought by first party insureds.

With respect to Van Tine's constitutional challenge on equal protection grounds, we hold that although the district court did have jurisdiction to decide this issue, Van Tine has failed to show that his equal protection rights have been violated under the rational basis test.

We further hold that Van Tine has failed to show that the district court abused its discretion in denying Van Tine's request for discretionary costs and attorney fees below.

Accordingly, the judgment of the district court is affirmed.

No attorney fees on appeal. Costs on appeal to respondent.

Justices SCHROEDER, WALTERS, KIDWELL and Justice Pro Tem CARLSON, concur.