**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 41054**

| | | |
|---|---|---|
| **GERRY BOREN,** | ) | **2013 Unpublished Opinion No. 785** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: December 10, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **BRENT REINKE,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Judgment dismissing complaint, <u>affirmed</u>.

Gerry Boren, Boise, pro se appellant.

Brent Reinke, Boise, respondent, did not participate on appeal.

_____

LANSING, Judge

Gerry Boren appeals the judgment dismissing his pro se civil rights complaint. He argues that he is entitled to a trial and that the district court erred by dismissing his complaint. We affirm.

**I.**

**BACKGROUND**

The record in this case is incomplete. Accordingly, this Court's understanding of the facts is limited. Boren filed a motion and affidavit to proceed on a partial payment of fees under Idaho Code § 31-3220A and sought to file a complaint alleging that prison officials harassed him and caused him physical injuries on the basis of his ancestry, race, and religion. Boren apparently appended a copy of his prisoner disciplinary records to his complaint. Because the district court denied Boren's motion for a partial waiver of filing fees, the complaint was never

1

filed by the court clerk, and it therefore is not part of the record in this appeal.[1] Other documents in the record indicate that the disciplinary records attached to the complaint showed that officers suspected Boren of violating a prison rule when they observed a "square shape" obscured under Boren's towel. Officers attempted to search Boren to ascertain the nature of the hidden item. Boren was not compliant with the search, and officers used a wrist lock to return Boren to his cell.[2]

Although Boren's complaint was never filed, the district court reviewed the submitted materials and dismissed Boren's claims on the merits pursuant to I.C. § 31-3220A(14). The district court dismissed two of Boren's claims because he sought relief under criminal statutes that do not create a private cause of action. The remaining claim was dismissed on the ground that Boren failed to state a claim upon which relief could be granted.

## II.

## ANALYSIS

Idaho Code § 31-3220A(14)(d) authorizes the district court to "dismiss an action or a portion of the action under this section, before or after service, on its own motion or by motion of a party, upon a finding that . . . [t]he action fails to state a claim upon which relief could be granted." The Idaho Rules of Civil Procedure similarly authorize dismissal where a plaintiff "fails to state a claim upon which relief can be granted." Because both provisions permit dismissal for the same substantive reason, and because the statute does not suggest a different standard, we will apply the law governing dismissal under I.R.C.P. 12(b)(6) to a dismissal based upon I.C. § 31-3220A(14)(d).

---

[1] This Court has been informed that the district court clerk returned the complaint to Boren and retained no copy in the district court's file. We understand that a complaint cannot be properly filed unless the appropriate fee is paid or a fee waiver is granted. Idaho Rule of Civil Procedure 10(a)(6). Nonetheless, effective appellate review will require that this Court have access to the pleadings in a case, even if that case was disposed of before the complaint was properly filed. Accordingly, we urge the clerk of the district court to adopt a practice that is consistent with the requirements of effective appellate review.

[2] Although the complaint and the appended materials are not included in the record, they are described in other court documents. On appeal, Boren does not claim that the trial court's factual descriptions of his complaint are erroneous. Accordingly, we rely upon those descriptions in our recital of facts. Additionally, for the reasons described herein, these facts are not necessary to the disposition of this matter.

As an appellate court, we will affirm a trial court's grant of an I.R.C.P. 12(b)(6) motion where the record demonstrates that there are no genuine issues of material fact and the case can be decided as a matter of law. *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 398, 987 P.2d 300, 310 (1999). When reviewing an order of the district court dismissing a case pursuant to Rule 12(b)(6), the nonmoving party is entitled to have all inferences from the record and pleadings viewed in its favor, and only then may the question be asked whether a claim for relief has been stated. *Coghlan*, 133 Idaho at 398, 987 P.2d at 310. The issue is not whether the plaintiff will ultimately prevail, but whether the party is entitled to offer evidence to support the claims. *Orthman v. Idaho Power Co.*, 126 Idaho 960, 962, 895 P.2d 561, 563 (1995).

Most of Boren's briefing on appeal makes factual assertions of the type usually seen in a civil complaint rather than presenting argument that the trial court erred in its procedure or rationale for dismissing the action. We will review only those arguments that can be construed as challenges to the propriety of the district court's decision below. Boren raises three contentions that might be construed to challenge the propriety of the district court's decision.

First, Boren argues that I.C. § 18-7903(b) required that the court "grant [his] civil action." The interpretation of a statute is an issue of law over which we exercise free review. *Aguilar v. Coonrod*, 151 Idaho 642, 649-50, 262 P.3d 671, 678-79 (2011). Such interpretation must begin with the literal words of the statute. Those words must be given their plain, usual, and ordinary meaning, and the statute must be construed as a whole. *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011).

Idaho Code § 18-7903(b) does not direct the trial court to take any particular action. Instead, it creates a private civil cause of action to remedy malicious harassment. The district court recognized that this cause of action existed. The district court dismissed Boren's claim on the ground that his complaint alleged no facts other than a date and the contents of a "disciplinary offense report" (DOR) attached to the complaint which described the incident upon which Boren apparently bases his claim. The court held that the DOR described only legal conduct by Department of Correction personnel and did not show facts that state a claim upon which relief could be granted. Boren does not argue that there was any error in the district court's stated rationale for dismissing this claim. Therefore, he has not shown a basis for reversal on appeal.

Second, Boren argues he has been denied due process of law under the Fourteenth Amendment to the United States Constitution and Article I, § 13 of the Idaho Constitution, but he does not explain how he has been denied due process. There is no argument, let alone a persuasive one, explaining how the dismissal violated due process. In *Bach v. Bagley*, 148 Idaho 784, 229 P.3d 1146 (2010), the Idaho Supreme Court set forth the level of particularity an appellant is required to meet in order for an appellate court to review a claim of error:

> Where an appellant fails to assert his assignments of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by the Court. A general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue. This Court will not search the record on appeal for error.

*Id.* at 790, 229 P.3d at 1152 (internal citations omitted). Boren has not met this standard because he fails to point to any particular "evidentiary or legal errors." Merely mentioning a constitutional principle is insufficient to trigger review. *See Highland Enterprises, Inc. v. Barker*, 133 Idaho 330, 349-50, 986 P.2d 996, 1015-16 (1999) ("A one sentence statement regarding whether the award violates due process is hardly sufficient to constitute argument and, in addition, the appellants cite no authority. Thus, the appellants have left this Court with no ability to address [the appellant's claim]."); *Idaho State Ins. Fund v. Van Tine*, 132 Idaho 902, 909, 980 P.2d 566, 573 (1999) (declining to consider a claim where the appellant's due process claim had insufficient argument and authority). Accordingly, Boren's mere conclusory assertion of a due process violation does not present a claim of error that his Court can address.

Finally, Boren argues that the district court denied him the "right to justice" guaranteed by Article I, § 18 of the Idaho Constitution. As with the due process contention, Boren has failed to point this Court to any particular evidentiary or legal error. Therefore, for the reasons stated above, we conclude that Boren's claim presents no issue of trial court error for this Court to review.

Because no cognizable claim of trial court error has been presented, the judgment of the district court is affirmed.

Judge GRATTON **CONCURS.**

Judge MELANSON, **SPECIALLY CONCURRING**

I concur with all of the Court's opinion with the exception of the last sentence of footnote one which essentially urges the clerk of the district court to retain a copy of the complaint in cases where the complaint is not filed because of a denial of a fee waiver, and then to include it in the record on appeal.  I would not place that responsibility on the clerk.  It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal.  *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997).  If effective appellate review would be furthered by retaining copies of unfiled pleadings, our Supreme Court may wish to address these circumstances by way of a rule.